# EXHIBIT A

FILED
8/27/2020 12:40 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
10251362

FILED DATE: 8/27/2020 12:40 PM  2020L009194

STATE OF ILLINOIS )
)
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| OFFIA MOORE, ) | NO. 2020L009194 |
| Plaintiff, ) | |
| vs. ) | |
| STEPHEN HARRIMAN, and PGT TRUCKING INC., ) | |
| Defendants. ) | |

## COMPLAINT
## COUNT I

*OFFIA MOORE vs. STEPHEN HARRIMAN*

NOW COMES the Plaintiff, OFFIA MOORE by and through her attorneys, GOLDSTEIN BENDER & ROMANOFF, complaining of the Defendant, STEPHEN HARRIMAN, states as follows:

1. That on or about August 28, 2018 and at all times and places hereinafter mentioned, the Plaintiff, OFFIA MOORE operated, maintained and controlled a certain motor vehicle in an easterly direction, in the left lane, along and upon 59 Street, at or near the intersection with Halsted Street, being thoroughfares in the City of Chicago, County of Cook and State of Illinois.

2. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, STEPHEN HARRIMAN, operated, maintained and controlled certain motor vehicle in an easterly direction, in the left lane, along and upon 59 Street, at or near the

intersection with Halsted Street, being thoroughfares in the City of Chicago, County of Cook and State of Illinois.

3. That on or about the date aforesaid and at all times and places hereinafter mentioned, the motor vehicle of the Defendant, STEPHEN HARRIMAN, came in contact with the motor vehicle of the Plaintiff, OFFIA MOORE.

4. That on or about the date aforesaid and at all times and places hereinafter mentioned, it then and there became and was the duty of the Defendant, STEPHEN HARRIMAN, to exercise reasonable care and caution so as not to cause damage to or injury to the Plaintiff herein.

5. That on or about the date aforesaid, the Defendant, STEPHEN HARRIMAN, notwithstanding his duty was then and there guilty of one or more of the following negligent acts and/or omissions:

- a) operated, maintained and controlled said motor vehicle on the aforesaid roadway so that the Plaintiff was greatly injured;

- b) failed to keep proper and/or any lookout for traffic then and there lawfully proceeding on the aforesaid roadway;

- c) in violation of Illinois Statute 5/11-601(a), the Defendant drove said motor vehicle at an excessive rate of speed that was greater than was reasonable, proper and prudent, having regard for traffic, the condition of the roadway and the use of way;

- d) operated said motor vehicle in a reckless and/or dangerous manner with disregard for the safety of other motorists lawfully present on the aforesaid roadway;

- e) in violation of Illinois Statute 5/11-905, the Defendant failed to adjust his vehicular speed and lateral position so as to avoid a collision with another vehicle;

- f) in violation of Illinois Statute 5/11-709, the Defendant attempted to

FILED DATE: 8/27/2020 12:40 PM 2020L009194

FILED DATE: 8/27/2020 12:40 PM 2020L009194

        change lanes from the lane she was in to the lane of his left, when such an action was not safe and created an unsafe and dangerous condition for other motorists present on the aforesaid street;

g)     in violation of Illinois Statute 5/11-709(a), the Defendant failed to drive as nearly as practicable entirely within a single lane and moved from such lane before he could ascertain that such movement could be made with safety;

h)     in violation of Illinois Statute 5/11-1003.1, the Defendant failed to exercise due care and/or caution in order to avoid colliding with any motor vehicle and failed to give warning by sounding the horn when necessary;

i)     in violation of Illinois Statute 5/12-601(a), the Defendant failed to give audible warning with his horn when reasonably necessary to insure the safety of any and all vehicular traffic on aforesaid street;

j)     the Defendant drove said motor vehicle at an excessive rate of speed that was greater than was reasonable, proper and prudent, having regard for traffic, the condition of the roadway and the use of way;

k)     failed to stop and/or turn the course and/or reduce the speed of said motor vehicle in time to avoid a collision with the motor vehicle of the Plaintiff, although the Defendant knew or in the exercise of reasonable care and caution should have known that a collision was imminent and had ample time and opportunity to avoid the same; and

l)     failed to make proper and/or any use of the brakes of said motor vehicle in time to avoid causing a collision with the motor vehicle of the Plaintiff, although the Defendant knew or in the exercise of reasonable care and caution should have known that a collision was imminent and had ample time and opportunity to avoid same.

6.     That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, the motor vehicle of the Defendant, STEPHEN HARRIMAN, did then and there violently and forcefully collide with and strike the motor vehicle of the Plaintiff, thereby causing the Plaintiff to sustain severe and disabling injuries both internally and externally; that the Plaintiff has suffered, and may in the future suffer, great pain and anguish; that the Plaintiff has spent and become liable for, and may in the future spend and

FILED DATE: 8/27/2020 12:40 PM 2020L009194

become liable for, a large sum of money for medical care and attention; that the Plaintiff was unable to, and may in the future be unable to attend to her usual duties and affairs for long periods of time, to the Plaintiff's great detriment; that the Plaintiff was otherwise greatly injured and was caused to expend additional money as a result of said occurrence.

WHEREFORE, the Plaintiff, OFFIA MOORE prays for a judgment against the Defendant, STEPHEN HARRIMAN, in an amount in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County and additionally costs of said suit.

## COUNT II

*OFFIA MOORE vs. PGT TRUCKING INC*

NOW COMES the Plaintiff, OFFIA MOORE by and through her attorneys, GOLDSTEIN BENDER & ROMANOFF, complaining of the Defendant, PGT TRUCKING INC., states as follows:

1. That on or about August 28, 2018 and at all times and places hereinafter mentioned, the Plaintiff, OFFIA MOORE operated, maintained and controlled a certain motor vehicle in an easterly direction, in the left lane, along and upon 59 Street, at or near the intersection with Halsted Street, being thoroughfares in the City of Chicago, County of Cook and State of Illinois.

2. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, PGT TRUCKING INC., owned a certain motor vehicle in an easterly direction, in the left lane, along and upon 59 Street, at or near the intersection with Halsted Street, being thoroughfares in the City of Chicago, County of Cook and State of Illinois.

FILED DATE: 8/27/2020 12:40 PM   2020L009194

3. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, PGT TRUCKING INC, by its agent, servant and/or employee, operated, maintained and controlled certain motor vehicle in an easterly direction, in the left lane, along and upon 59 Street, at or near the intersection with Halsted Street, being thoroughfares in the City of Chicago, County of Cook and State of Illinois.

4. That on or about the date aforesaid and at all times and places hereinafter mentioned, the motor vehicle of the Defendant, PGT TRUCKING INC, by its agent, servant and/or employee, came in contact with the motor vehicle of the Plaintiff, OFFIA MOORE.

5. That on or about the date aforesaid and at all times and places hereinafter mentioned, it then and there became and was the duty of the Defendant, PGT TRUCKING INC, by its agent, servant and/or employee, to exercise reasonable care and caution so as not to cause damage to or injury to the Plaintiff herein.

6. That on or about the date aforesaid, the Defendant, PGT TRUCKING INC, by its agent, servant and/or employee, notwithstanding its duty was then and there guilty of one or more of the following negligent acts and/or omissions:

- a) operated, maintained and controlled said motor vehicle on the aforesaid roadway so that the Plaintiff was greatly injured;

- b) failed to keep proper and/or any lookout for traffic then and there lawfully proceeding on the aforesaid roadway;

- c) in violation of Illinois Statute 5/11-601(a), the Defendant drove said motor vehicle at an excessive rate of speed that was greater than was reasonable, proper and prudent, having regard for traffic, the condition of the roadway and the use of way;

- d) operated said motor vehicle in a reckless and/or dangerous manner with disregard for the safety of other motorists lawfully present on the aforesaid roadway;

FILED DATE: 8/27/2020 12:40 PM 2020L009194

e)    in violation of Illinois Statute 5/11-905, the Defendant failed to adjust his vehicular speed and lateral position so as to avoid a collision with another vehicle;

f)    in violation of Illinois Statute 5/11-709, the Defendant attempted to change lanes from the lane he was in to the lane of his left, when such an action was not safe and created an unsafe and dangerous condition for other motorists present on the aforesaid street;

g)    in violation of Illinois Statute 5/11-709(a), the Defendant failed to drive as nearly as practicable entirely within a single lane and moved from such lane before he could ascertain that such movement could be made with safety;

h)    in violation of Illinois Statute 5/11-1003.1, the Defendant failed to exercise due care and/or caution in order to avoid colliding with any motor vehicle and failed to give warning by sounding the horn when necessary;

i)    in violation of Illinois Statute 5/12-601(a), the Defendant failed to give audible warning with his horn when reasonably necessary to insure the safety of any and all vehicular traffic on aforesaid street;

j)    the Defendant drove said motor vehicle at an excessive rate of speed that was greater than was reasonable, proper and prudent, having regard for traffic, the condition of the roadway and the use of way;

k)    failed to stop and/or turn the course and/or reduce the speed of said motor vehicle in time to avoid a collision with the motor vehicle of the Plaintiff, although the Defendant knew or in the exercise of reasonable care and caution should have known that a collision was imminent and had ample time and opportunity to avoid the same; and

l)    failed to make proper and/or any use of the brakes of said motor vehicle in time to avoid causing a collision with the motor vehicle of the Plaintiff, although the Defendant knew or in the exercise of reasonable care and caution should have known that a collision was imminent and had ample time and opportunity to avoid same.

7.    That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, the motor vehicle of the Defendant, PGT TRUCKING INC, by its agent, servant and/or employee, did then and there violently and forcefully collide with

and strike the motor vehicle of the Plaintiff, thereby causing the Plaintiff to sustain severe and disabling injuries both internally and externally; that the Plaintiff has suffered, and may in the future suffer, great pain and anguish; that the Plaintiff has spent and become liable for, and may in the future spend and become liable for, a large sum of money for medical care and attention; that the Plaintiff was unable to, and may in the future be unable to attend to her usual duties and affairs for long periods of time, to the Plaintiff's great detriment; that the Plaintiff was otherwise greatly injured and was caused to expend additional money as a result of said occurrence.

WHEREFORE, the Plaintiff, OFFIA MOORE prays for a judgment against the Defendant, PGT TRUCKING INC, in an amount in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County and additionally costs of said suit.

GOLDSTEIN BENDER & ROMANOFF

/s/ Alan H. Bender

ALAN H. BENDER

GOLDSTEIN BENDER & ROMANOFF
Attorneys for Plaintiff
One North LaSalle Street, Suite 1000
Chicago, Illinois 60602
(312) 346-8558 -- ID. NO. 31521
Electronic Service: ealerts@gbrmobile.com

FILED
8/27/2020 12:40 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
10251362

FILED DATE: 8/27/2020 12:40 PM   2020L009194

STATE OF ILLINOIS )
)
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| OFFIA MOORE, ) | |
| ) | NO. 2020L009194 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STEPHEN HARRIMAN, and PGT ) | |
| TRUCKING INC., ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT PER SUPREME COURT RULE 222

I, Alan H. Bender, being first duly sworn on oath, depose and state as follows:

1. That your affiant is one of the attorneys representing the Plaintiff in the instant lawsuit.

2. That pursuant to Supreme Court Rule 222(b) the total of money damages sought for each claim exceeds $50,000.00.

Further affiant sayeth not.

GOLDSTEIN BENDER & ROMANOFF

/s/ Alan H. Bender
_____
Alan H. Bender

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

/s/ Alan H. Bender
_____
Alan H. Bender